UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR T. WEBER, as Successor
to the M.F. Webber Trust "B",

                    Plaintiff,                    Case No.  04-71885

v.                                                District Judge Paul D. Borman
                                                  Magistrate Judge R. Steven Whalen

THOMAS VAN FOSSEN, Personal
Represenatative of the Estate of William
Van Fossen and as Trustee of the
William Van Fossen Trust,

                    Defendant.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO PRESENT COUNTERCLAIM

Before the Court is Defendant Thomas Van Fossen's Motion to Present Counterclaim

as a Supplemental Pleading [Docket #26], which has been referred for hearing and

determination pursuant to 28 U.S.C. §636(b)(1)(A).  Pursuant to E.D. Mich. L.R. 7.1(e)(2),

this Motion will be decided on the written pleadings, without oral argument.[1]

Fed.R.Civ.P. 13(f) gives the Court discretion to permit a counterclaim as an amended

pleading, "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence,

---

[1]The Court scheduled oral argument for July 19, 2005, and sent a Notice of Hearing
to all attorneys on June 23, 2005.  Plaintiff's counsel appeared for hearing, but Defendant's
counsel did not.  Plaintiff's counsel stated by telephone on that day that he had not received
the Notice of Hearing.

or excusable neglect, or when justice requires...."  In this case, Defendant seeks to file two counterclaims: (1) to quiet title and discharge mortgage; and (2) slander of title.  The Motion is based on a judgment in favor of Defendant Van Fossen in the Washtenaw County Circuit Court, entered on May 10, 2005, declaring that Van Fossen had performed all obligations under the land contract in issue.[2]

Plaintiff opposes this Motion on the grounds that (1) Defendant cannot factually make out the elements of slander of title (falsity, malice and special damages) and (2) an action to quiet title would be futile because it would be subject to the state court action, which is on appeal.  Plaintiff also argues that his mortgage could not be considered a "land contract mortgage," as opposed to a "real estate mortgage," because the land contract mortgage statute, M.C.L. §565.356, was not in effect at the time of his mortgage.

After reviewing the pleadings and exhibits, the Court will, in the exercise of its discretion under Rule 13(f), and in the interests of justice, permit the Defendant to file its counterclaims.  As to an action to quiet title, the fact that the state Circuit Court judgment is on appeal does not preclude the counterclaim to any greater degree than it would preclude the Plaintiff's complaint in this Court to foreclose the mortgage.[3]  Furthermore, even if

_____

[2]Van Fossen bought the property in question on a land contract from J. Edward Kloian, the land contract vendor.  Kloian (the plaintiff in the state case) mortgaged his land contract interest to Weber, Plaintiff in this case.  The Washtenaw County Circuit Court dismissed Weber as a third party defendant.

[3]While the possibly preclusive effect of the state court judgment is not before the Court at this time, I note that the pendency of an appeal does not effect the finality of a lower court's judgment for purposes of *res judicata*.  "It is well established that a final trial court

M.C.L. §565.356 were not in effect at the time of the mortgage, Plaintiff concedes that the land contract provides that "Seller may mortgage the premises as security for the Seller's debts *so long as the mortgage does not adversely affect any of Purchaser's [Defendant's] rights* under the contract" (emphasis added). Notwithstanding the statute, the contract itself may support the claim that it was a "land contract mortgage" only. The Defendant's rights under the contract were, of course, a subject of the Washtenaw County suit. The Defendant's proposed counterclaim would not be futile.

As to slander of title, the Court does not have before it at this time sufficient facts to determine whether the claim would sink or swim, and it would be premature to rule on that claim before giving the parties adequate time for discovery. At the appropriate time, Plaintiff may move for summary judgment if he believes there is support for that relief, and Defendant will then have the opportunity to present opposing affidavits or other evidence. For now, however, the Defendant may file his counterclaim.

Accordingly, Defendant's Motion to Present Counterclaim as a Supplemental Pleading [Docket #26] is GRANTED.

SO ORDERED.


s/R. Steven Whalen                             

---

judgment operates as res judicata while an appeal is pending." *Commodities Export Co., v, U.S. Customs Service,* 957 F.2d 223, 228 ( 6th Cir. 1992); *Huron Holding Corp. v. Lincoln Mine Operating Co.,* 312 U.S. 183, 188-189, 61 S.Ct. 513, 515, 85 L.Ed. 725 (1941).

R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  July 19, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 19, 2005.

s/Gina Wilson
Judicial Assistant