UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VICTOR T. WEBER.,

          Plaintiff,          Case Number 04-71885

v.          Honorable David M. Lawson

THOMAS VAN FOSSEN and
J. EDWARD KLOIAN,

          Defendants.

_____/

## OPINION AND ORDER DISMISSING MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS AND DISMISSING CASE WITHOUT PREJUDICE

This case represents the latest installment in the serial litigation over certain property in Ann Arbor, Michigan that has been ongoing between J. Edward Kloian and William Van Fossen (and now his son, Thomas) for over 30 years. The present action in this Court began as a suit to foreclose a mortgage that plaintiff Victor Weber says he acquired from Kloian, who had a land contract vendor's interest in the property at the time he conveyed the mortgage. Van Fossen was the land contract vendee. Van Fossen has filed a counter-claim against Weber challenging the validity of the mortgage; he seeks to quiet title to the property and damages from Weber for slander of title. Van Fossen also filed a cross-claim against Kloian after Weber amended his complaint to add Kloian to this lawsuit. Van Fossen sought the same relief in a third-party complaint against Weber filed in litigation between him and Kloian in the Washtenaw County, Michigan circuit court in late 2003. The state court judge later dismissed the third-party complaint and denied Weber's attempts to intervene in that action. A judgment was entered in the state court action quieting title to the disputed property in Van Fossen and awarding damages in his favor against Kloian, which had the practical effect of extinguishing Weber's purported mortgagee's interest in the property.

In the present case, Van Fossen filed a motion for summary judgment in November 2005 and Kloian filed a motion to dismiss in May 2006. The case subsequently was transferred to the undersigned, and oral argument was held on the motions on December 20, 2006. At the argument, the parties informed the Court that Kloian and Weber had appealed the decisions of the state circuit court, and the appeal was pending. The parties agreed that this Court should postpone deciding these motions until the appeal was decided. Earlier this year the Michigan Court of Appeals upheld the lower court's rulings in favor of Van Fossen against Kloian but reversed the state circuit judge's dismissal of Weber from the state case. As a result of the reversal on appeal, there are two lawsuits pending with respect to the claims of Weber on the property. Given the lengthy history of litigation in the state court, and based on other factors discussed below, the Court believes that this is the unusual case in which it should decline to exercise jurisdiction under the principles set forth by the Supreme Court in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). Therefore, the Court will dismiss the pending motions and dismiss the case without prejudice.

I.

The basic historical facts of the case were succinctly summarized by the Michigan Court of Appeals in its recent decision as follows:

> In 1978, Kloian leased the Property to William Van Fossen.[FN1] At the same time, Kloian granted Van Fossen an option to purchase the Property. A dispute later arose between the parties over nonpayment of rent, alleged breaches of the lease agreement, and whether an option was effectively terminated or exercised. In 1984, Kloian sued Van Fossen for unpaid rent. Kloian then filed an amended complaint, seeking a declaration that he terminated the option. Van Fossen filed several counterclaims, including a request for specific performance of the option to purchase the Property.

---

FN1. William Van Fossen died during the pendency of this case, and the court permitted substitution by his personal representative Thomas Van

> Fossen. Because this substitution had no relevant procedural effect for the purposes of this case, we will refer to both William Van Fossen and his personal representative as "Van Fossen" throughout this opinion.
>
> In 1991, the circuit court held that Van Fossen was entitled to specific performance. In 1995, the circuit court ordered that the parties enter into a land contract for the sale of the Property to Van Fossen. In 2005, the circuit court entered final judgment in Van Fossen's favor. After a setoff to Kloian for a balloon payment owed pursuant to the terms of the parties' land contract, the circuit court entered a $1,678,415.65 judgment in Van Fossen's favor. The circuit court further held that the parties had satisfied "all obligations under the Land Contract" and transferred the Property to Van Fossen, "free and clear."

*Kloian v. Van Fossen*, Nos. 262953 & 262954, 2007 WL 942195, at *1 (Mich. App. Mar. 29, 2007).

The court described Weber's involvement in the property as well:

> Under the terms of the 1995 Kloian/Van Fossen land contract, Kloian was authorized to execute a mortgage on the Property. Specifically, part (a) of § 3 of the land contract states: "[Kloian] may mortgage the premises as security for [his] debts so long as the mortgage does not adversely affect any of [Van Fossen's] rights under this contract." Accordingly, in January 1997 Kloian and Weber entered into a $200,000 mortgage agreement on the Property. In May 2004, Weber filed a foreclosure action in the United States District Court for the Eastern District of Michigan, alleging that Kloian had defaulted on the mortgage. In October 2004, Kloian quitclaimed to Weber his interest in the Property in lieu of Weber foreclosing on the Property.
>
> In November 2004, Van Fossen moved to add Weber as a necessary party to the lower court action under MCR 2.205 because Weber's presence was necessary for him to gain clear title to the Property. On November 12, 2004, Weber quitclaimed his interest in the Property back to Kloian with a purported reservation of Weber's rights pursuant to the mortgage agreement. Thereafter, Kloian moved for denial of Van Fossen's motion to add Weber, arguing that he was no longer a necessary party in light of the latter quitclaim deed. Kloian argued that, as simply a mortgagee rather than a property owner, Weber was not an affected party. Nevertheless, the circuit court granted Van Fossen's motion to add Weber as a necessary party.
>
> In December 2004, Van Fossen filed a third-party complaint against Weber, seeking a declaration of Weber's rights in the Property. In his complaint, Van Fossen asserted: "Weber appears to have a legal interest in the Property that must be determined and adjudicated in order for [Van Fossen] to receive clear and marketable title to the Property." However, the circuit court dismissed Weber from the litigation without prejudice on the grounds that its order allowing the third-party complaint

> was "improvidently granted" and that Weber's interest in the property should be determined in "another filing." Specifically, the circuit court stated:
>
>> The Court is not in a position to issue an equitable ruling regarding the claims of [Van Fossen] against [Weber] with respect to the mortgage on the property due to the circumstances of the litigation. The earlier motion to allow the Third-Party Complaint was improvidently granted. As a result, the Third-Party Complaint is hereby dismissed without prejudice and with right to refile. Any mortgage interest of Third-Party Defendant Victor Weber and any defenses thereto will need to be resolved in another filing.
>
> The circuit court later entered its final judgment, stating, in pertinent part, as follows:
>
>> The Register of Deeds and Recorder's Office is ordered to accept this Judgment Entry as transferring any and all ownership interest of Kloian, his heirs, beneficiaries, mortgagees, lessees, and assignees in the real property . . . to Van Fossen.
>
> In May 2005, Weber filed against Van Fossen a claim of appeal from the circuit court's final judgment.
>
> A few days later, Weber filed a post-judgment motion to intervene in the lower court action under MCR 2.209(A)(3), alleging that the final order negatively impacted his mortgage interest in the Property. After hearing oral arguments on the motion, the circuit court denied the motion, explaining its ruling as follows:
>
>> With regard to the motion to intervene, I'm going to deny that motion. Of course, you can ask the Court of Appeals to intervene in the appeal which is really what you seek here anyway, but I'll leave that to them to determine if they want you in the appeal or not.
>
> Weber then moved to intervene in this Court, which was denied. This Court also later denied Van Fossen's motion to dismiss Weber's appeal for lack of jurisdiction.

*Id.* at *9 -10 (footnote omitted).

The court of appeals held that Weber should have been allowed to intervene to litigate the nature of his interest in the real estate, if any. The court recognized the dispute raised by Van Fossen that Weber's mortgage extended only to Kloian's interest in the land, which had been extinguished by the lower court's judgment (which the court of appeals had just affirmed).

-4-

However, the court of appeals concluded: "That determination should be made by the circuit court," *id.* at *12, and remanded the case for further proceedings. Van Fossen has filed a supplemental brief in this Court calling attention to the court of appeals' decision in the state court case. He asks this Court to take judicial notice of the state court's decision, or dismiss this case in its entirety so that the matter can be resolved by the state circuit court in one forum.

II.

This case is before the Court on the basis of diversity jurisdiction, which appears to be proper. 28 U.S.C. § 1332. However, "a district court may sometimes be justified in abstaining from exercising jurisdiction in deference to a parallel state-court proceeding." *Great Earth Companies, Inc. v. Simons*, 288 F.3d 878, 886 (6th Cir. 2002). In *Colorado River Water Conservation Dist. v. United States*, the Supreme Court held that it is appropriate for federal courts to refuse to decide cases "in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." *Colorado River*, 424 U.S. at 817.

> These principles rest on considerations of "(w)ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Generally, as between state and federal courts, the rule is that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." . . . [T]he circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention. The former circumstances, though exceptional, do nevertheless exist.

*Colorado River*, 424 U.S. at 817-18 (citations omitted).

"Abstention is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." *Caudill v. Eubanks Farms, Inc.*, 301 F.3d 658, 660 (6th Cir. 2002) (internal quotes and citation omitted). Nonetheless, when the factors weigh in favor of

abstention, federal courts ought to decline to exercise jurisdiction in order to avoid piecemeal litigation, conserve judicial resources, and promote respect for the judicial system. *Romine v. Compuserve Corp.*, 160 F.3d 337, 341 (6th Cir. 1998) (observing that "[w]hen a case proceeds on parallel tracks in state and federal court, the threat to efficient adjudication is self-evident. But judicial economy is not the only value that is placed in jeopardy. The legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits that are the product of gamesmanship or that result in conflicting adjudications").

In *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206-07 (6th Cir. 2001), the Sixth Circuit discussed the factors district courts must balance to determine if abstention is apropriate in the face of parallel state court proceedings:

> The Supreme Court has identified eight factors, four in *Colorado River* and four in subsequent decisions, that a district court must consider when deciding whether to abstain from exercising its jurisdiction due to the concurrent jurisdiction of a state court. *Romine v. Compuserve Corp.*, 160 F.3d 337, 340-41 (6th Cir. 1998) (collecting cases and factors). These considerations are:
>> (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained[;] . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction.
> *Id.* (citations omitted). When considering these factors, we recognize that "the decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 16, 103 S.Ct. 927.

*PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206-07 (6th Cir. 2001).

Consideration of all eight factors leads ineluctably to the conclusion that this is the "exceptional" case in which jurisdiction should not be exercised. First, the state court has assumed jurisdiction over the property at issue. The dispute concerns the competing claims to interests in land under the State laws dealing with conveyances and encumbrances. Second, the federal forum is less convenient because the state court is already intimately familiar with this case, which has been ongoing for nearly thirty years. Third, maintaining the present case results in piecemeal litigation. "Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results." *Romine*, 160 F.3d at 341. The state court has already decided many of the issues to be resolved. The court of appeals has remanded the state case to the circuit court to resolve the remaining issues, which are central to the case pending here as well.

The fourth factor presents the obvious inefficiency of pursuing this action: jurisdiction was obtained in the state court first when the litigation commenced in 1984. Fifth, the source of governing law is state property law. Sixth, the state court action is adequate to protect Weber's rights, especially in light of the recent ruling by the state court of appeals. The matter was remanded to address the exact issues about which Weber seeks resolution here. Seventh, as noted already, the state court litigation has been ongoing for nearly thirty years and has already been through an appeal. The litigation pending in this Court was filed in 2004. Finally, as to the eighth factor, both courts have concurrent jurisdiction.

It is difficult to imagine another case in which abstention under the *Colorado River* doctrine would be more appropriate. "[C]onsiderations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," *Colorado River*

*Water Conservation Dist.*, 424 U.S. at 817, require dismissal of this case. If for some reason the state court declines or is unable to address the issues presented, which this Court cannot now foresee, the parties may seek relief from this dismissal order by appropriate motion.

III.

The Court believes that the factors discussed above counsel strongly in favor of abstaining from exercising jurisdiction over this property dispute in this Court.

Accordingly, it is **ORDERED** that the defendant's motion for summary judgment [dkt # 37] and the cross-defendant's motion and amended motion to dismiss [dkt #s 68, 72] are **DISMISSED**.

It is further **ORDERED** that this matter is **DISMISSED WITHOUT PREJUDICE** in its entirety.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 19, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 19, 2007.

s/Felicia M. Moses
FELICIA M. MOSES